## George C. Berk *vs.* August P. LaFrance, *Secretary of State.*

OCTOBER 16, 1964.

Present: Condon, C.J., Roberts, Paolino, Powers and Joslin, JJ.

Per Curiam. This is a petition for mandamus to the secretary of state to place the name of the petitioner as the Democratic candidate for representative in the general assembly from the twenty-second representative district of Providence on the ballot at the general election to be holden on November 3, 1964, or in the alternative to show cause why he should not be required so to do. We issued the writ as prayed for and on the return day thereof the respondent by leave of court moved to quash the writ on the following grounds, among others, that the facts alleged in the petition fail to show a right in the petitioner to have the respondent perform the particular duty sought to be enforced by the writ and that the alleged cause of action set out in the writ is insufficient in law to entitle the petitioner to the relief which he seeks.

It appears from the record that petitioner predicates his right to such relief on a certain letter dated July 28, 1964, which the state chairman of the Democratic party sent to

respondent secretary of state in which it is alleged he designated petitioner as the nominee of the Democratic party for representative in the twenty-second representative district. A copy of this letter is appended to the petition and concludes with the following specific request: "I respectfully request that the foregoing names [among which was the petitioner's] be printed on the ballot to be voted for at the Democratic Primary to be held on September 17, 1964." According to an affidavit of the secretary of state he received from Chairman McWeeney a second letter dated September 19, 1964, and received no other letter of any nature between July 28, 1964 and September 19, 1964. The second letter directed that the name of a person other than petitioner be placed upon the ballot to be voted on at the general election.

The petitioner did not contradict such affidavit but rather conceded the same by written stipulation filed October 9, 1964 in which he also formally withdrew paragraph numbered 9 of his petition wherein he had alleged

> "and on information and belief your petitioner avers that subsequent to said filing of objection, John G. McWeeney again acting as the duly authorized representative of the Democratic State Committee, again filed his designation of George C. Berk as the Democratic nominee for the office of Representative in the 22nd Representative District in Providence, pursuant to the authority conferred upon him by the General Laws of Rhode Island 1956, as amended, 17-15-38."

It thus appears from the record before us to be undisputed that the only request ever made by Chairman McWeeney to respondent on petitioner's behalf was that his name be placed upon the primary ballot. The petitioner, however, contends that notwithstanding the specific demand made upon respondent in such letter he should have construed it as a request that petitioner's name be placed upon the ballot as the Democratic nominee for representative from the twenty-second representative district to be voted

for at the general election on November 3, 1964 pursuant to the provisions of G. L. 1956, §17-15-38.

There is no merit in such contention. In mandamus there must be an unequivocally clear duty which the respondent is bound to perform. Here the secretary of state was under no duty to construe the chairman's letter as a request to perform an act entirely different from the specific request contained therein. That request was to place the petitioner's name upon the primary ballot and not upon the ballot to be voted at the general election November 3, 1964. The respondent had no legal authority and therefore no legal duty to perform the specific act which the chairman expressly requested. Since the record before us indisputably shows that there was no formal request or demand by the chairman upon the respondent to perform a legal duty which he was required to perform, the specific relief now sought by mandamus cannot be granted. To warrant such relief it is incumbent upon the petitioner to show a legal right to have the act done as requested and that it is the plain, unequivocal legal duty of the respondent to perform the requested act without discretion to refuse. *Putnam Foundry & Machine Co.* v. *Town Council,* 28 R. I. 422.

The respondent's motion is granted, and the writ heretofore issued is quashed.

*Thomas H. Needham* and *Robert Braucher,* Cambridge, Mass., for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.